Logan Square Neighborhood Association *v.* Zoning Board of Adjustment of the City of Philadelphia and The Priestley Printers. The Priestley Printers, Inc., Appellant.

Logan Square Neighborhood Association *v.* City of Philadelphia, Zoning Board of Adjustment. City of Philadelphia, Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three. Reargued October 4, 1977, before President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Carl K. Zucker,* with him *Reuben E. Cohen,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellant, The Priestley Printers.

*Barbara S. Gilbert,* Deputy City Solicitor, for appellant, City of Philadelphia.

*James A. Rosenstein,* with him *Alvin M. Chanin,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 28, 1977:

Appellants appeal a decision of the Philadelphia County Court of Common Pleas which reversed the granting of a use variance by the Zoning Board of Adjustment of the City of Philadelphia (Board). We reverse the court below.

The subject premises is a corner property located within a residential zone. However, it is entirely occupied by a two-story garage-type structure within which a business consisting of tire sales, wheel alignment, brake service and balancing is conducted. Both the use and the structure are nonconforming.

Appellant Priestley made application to use the premises for letter and offset printing with accessory binding, folding, and plating. The application was denied because such uses are not permitted within the zone. On appeal the Board found as facts that the proposed use would be a moderate one involving only limited hours of operation and creating no excessive noise, odors, dust or other hazards. It also found that the properties on the other corners are nonresidential and that nonresidential activities predominate in the area. Further, it found that the premises could not be converted to a use permitted within the zone without demolition and extensive reconstruction. It ruled, therefore, that the unnecessary hardship requisite for a variance was present. We agree.

Unnecessary hardship may be proved either:
(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense; or (2) by proving that the characteristics of the area were such that the lot has either no value or only a

distress value for any purpose permitted by the zoning ordinance. . . . (Citations omitted.)

*Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973).

That standard is met here. In *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 489, 263 A. 2d 426, 431 (1970), the Supreme Court held that even moving a house less than a foot "is a practical impossibility and to impose such a requirement on him would indeed be to cause him an unnecessary hardship. . . ." The difficulties inherent in the conversion or demolition of a building are obviously greater. *See Gottlieb v. Zoning Hearing Board of Lower Moreland Township,* 22 Pa. Commonwealth Ct. 365, 349 A.2d 61 (1975). A property owner should not be required to reconstruct a building to a conforming use regardless of the financial burden that would be incident thereto. *O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 379, 120 A.2d 901 (1956).

The court below felt that the hardship here was neither unique nor more than "mere economic hardship." However, where premises cannot be converted into a permitted use without demolition and extensive reconstruction, more than "mere economic hardship" exists. As our Supreme Court has stated:

[W]here the request is for a change from an existing use consistent with the zoning classification to one inconsistent therewith, the mere fact that the property would increase in value or become more profitable if a variance were granted is not of itself a sufficient basis for a claim of unnecessary hardship. Here the hardship involved is of a different character. It is the *required* conversion of the premises in question from a nonconforming to a conforming use at very substantial cost. . . . (Emphasis in original.)

*O'Neill, supra* at 384, 120 A.2d at 904.

The record adequately supports the Board's finding that the hardship is unique.

Appellees contend that Priestley has shown no hardship because it is only the equitable owner of the premises under an agreement of sale contingent upon municipal approval of the variance requested. Again, we must disagree. "Under our decisions an equitable owner under a conditional contract to purchase stands in the same position as a legal owner in seeking a variance for the same purpose." *O'Neill, supra* at 387, 120 A.2d at 905.

Appellees' reliance on *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A.2d 616 (1970) is misplaced. There, specific physical characteristics of an apparently undeveloped tract were held insufficient to warrant the granting of a variance on the basis of "unnecessary hardship." Here, in contrast, the fact-finder below found that the property is totally unusable for any purpose permitted within the zone without demolition and extensive reconstruction and that such actions are not feasible for the site in question. These findings require us to hold, as did our Supreme Court in *O'Neill, supra,* where it ordered the granting of a variance, that "the conversion of the property into a residence would be inordinately burdensome and costly." *Id.* at 385, 120 A.2d at 904. (Footnote omitted.)

Accordingly, we will enter the following

ORDER

Now, October 28, 1977, the order of the Philadelphia County Court of Common Pleas, No. 3756 December Term 1974, entered October 14, 1975, vacating the variance granted by the Zoning Board of Adjustment of the City of Philadelphia to Priestley Printers, Inc. is hereby reversed.