Aldan Price, II, Appellant *v.* Zoning Board of Adjustment, Appellee.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*John F. McDevitt, Jr.,* with him *John J. O'Brien, Jr.,* and *O'Brien & O'Brien Associates,* for appellant.

*Gary A. Rochestie,* with him *Rudolph, Seidner, Rochestie & Salmon; Sheldon L. Albert,* City Solicitor; *James M. Penny, Jr.,* Deputy City Solicitor; and *Barbara R. Axelrod,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE BLATT, July 6, 1979:

Aldan Price, II (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the grant of a variance to Robert Brownholtz (applicant) by the Philadelphia Zoning Board of Adjustment (Board). He contends that the Board erred in granting the variance.

The applicant seeks to use a building as a three-family dwelling, and the property is located on a tract

in Philadelphia which is in the area zoned "R-10 Residential." While such use is permitted in this district, the property here concerned does not meet the minimum yard requirements. The building, however, has been abandoned for approximately 10 years, during which period the tract has been subdivided, the subdivision resulting in the present noncompliance with the dimensional requirements. The Board and the court below concluded that the applicant had met the criteria for a grant of a variance. The appellant contends, however, that the applicant did not demonstrate that a unique and unnecessary hardship exists or that the variance is not contrary to the health, safety and welfare of the community.

It is undisputed here that the building could not reasonably be moved, nor could the lot dimensions be expanded. And even the appellant concedes that without a variance the property would be practically valueless. We believe, therefore, that this is sufficient evidence of hardship. *See Logan Square Neighborhood Ass'n v. Zoning Board of Adjustment*, 32 Pa. Commonwealth Ct. 277, 379 A.2d 632 (1977). The evidence shows, moreover, that the property as it presently exists constitutes a security hazard and a danger to neighborhood children, and that these problems would be eliminated by the reconstruction proposed by the applicant. The Board was clearly justified in concluding that a variance was not contrary to the health, safety, and welfare of the community.

We perceive no error of law or abuse of discretion on the part of the Board, and the order of the court of common pleas will, therefore, be affirmed.

### Order

And Now, this 6th day of July, 1979, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.