Zoning Hearing Board of the Township of Indiana and the Township of Indiana, Appellants *v.* L. Jay Weitzel, Appellee.

Argued March 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Ira Weiss*, for appellants.

*P. Ronald Cooper, Reding, Rea & Cooper, P.C.*, for appellee.

Opinion by President Judge Crumlish, Jr.,
September 12, 1983:

Indiana Township appeals an Allegheny County
Common Pleas Court order reversing the Board's
denial of a use variance. We vacate and remand.

L. Jay Weitzel, having prior notice of a zoning
restriction, bought a three-story school building
situated on approximately two acres in an area zoned
R-2 Suburban Residential. He applied for a use
variance to renovate the building for use as a business
and professional office complex.

The Board denied the variance. The common pleas
court, without taking additional evidence, reversed the
Board. Our scope of review, where the trial court took
no additional evidence, is limited to a determination of
whether the Board abused its discretion, committed an
error of law or made fact findings which are not sup-
ported by substantial evidence. *Appeal of Dinu*, 69 Pa.
Commonwealth Ct. 595, 452 A.2d 95 (1982); *Town-
ship of Haverford v. Zoning Hearing Board of Haver-
ford Township*, 55 Pa. Commonwealth Ct. 209, 423
A.2d 757 (1980).

Section 912 of the Pennsylvania Municipalities
Planning Code (MPC)[1] controls. The five (5) elements
which must be established to grant a variance are:

> (1) That there are unique physical cir-
> cumstances or conditions, including irregularity,
> narrowness, or shallowness of lot size or shape,
> or exceptional topographical or other physical
> conditions peculiar to the particular property,
> and that the unnecessary hardship is due to
> such conditions, and not the circumstances or
> conditions generally created by the provisions of
> the zoning ordinance in the neighborhood or
> district in which the property is located;

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

"Unnecessary hardship may be established by proof 'that the physical or topographical features of the property are such that it cannot be used for the permitted purpose or that the physical features are such that the property can be arranged for such use only at a prohibitive expense.' " *Vitale v. Zoning Hearing Board of Upper Darby Township,* 63 Pa. Commonwealth Ct. 604, 608, 438 A.2d 1016, 1018 (1982) (citing *Marlowe v. Zoning Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 232, 415 A.2d 946, 950 (1980)). However, "[a] mere showing of economic hardship, standing alone, does not justify the granting of a variance." *Buckingham Developers, Inc. Appeal,* 61 Pa. Commonwealth Ct. 408, 412, 433 A.2d 931, 933 (1981) (citing *A & D, Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977)).

The procedure for presenting evidence to satisfy the substantive requirements of Section 912 of the MPC is set forth in Section 908 of the MPC,[2] which allows for representation by counsel, presentation of witnesses and documents, and cross-examination of adverse witnesses. *Kernick v. Penn Hills Zoning Hearing Board*, 56 Pa. Commonwealth Ct. 512, 514, 425 A.2d 1176, 1178 (1981).

The Township contends that Weitzel failed to establish a hardship. We disagree. Without a variance, the Board concluded, Weitzel faced two options. He could either convert a three-story school building into a single-family dwelling or raze the structure and subdivide the lot.

*Logan Square Neighborhood Association v. Zoning Board of Adjustment, City of Philadelphia*, 32 Pa. Commonwealth Ct. 277, 280, 379 A.2d 632, 634 (1977), states that "where premises cannot be converted into a permitted use without demolition and extensive reconstruction, more than 'mere economic hardship' exists." A neighbor in opposition of the variance admitted that she abandoned the idea of purchasing the property because the cost of razing the building and dividing the property into lots was costly. "A property owner should not be required to reconstruct a building to a conforming use regardless of financial burden that would be incident thereto." *Id*. at 280, 379 A.2d at 634. We find that the Board erred as a matter of law in determining that Weitzel failed to present substantial evidence establishing unnecessary hardship.

Additionally, the Township argues erroneously that Weitzel is precluded because he had prior knowledge of the restrictions.

---

[2] 53 P.S. §10908.

[T]he mere fact that property changes hands after the adoption of zoning cannot be a basis for holding that no variances can thereafter be granted with respect to any matter of which the purchaser could be aware. Because zoning considerations relate primarily to the circumstances of the property and not the identity of the owners, it would seem that subsequent purchasers can stand in the shoes of the original owner with respect to a variance, provided the claimed hardship does not arise out of the purchase itself....

*Zoning Hearing Board of Bensalem Township v. Grace Building Co.*, 39 Pa. Commonwealth Ct. 552, 558, 395 A.2d 1049, 1052 (1979). Since the physical attributes of the land were not affected by the purchase and since Weitzel did not pay an unduly high price for the property, thereby self-inflicting a hardship, his prior knowledge of the use restrictions does not preclude his entitlement to a variance.

However, the Board failed to make fact findings as to the fourth and fifth criteria.[3] The common pleas court made the findings, but without any taking of additional evidence. This was an error.

Section 1010 of the MPC[4] permits "the court of common pleas [to] ... properly make its own fact findings only if the record did not include any findings of fact or if the court took additional evidence itself or through a referee." *Appeal of Philadelphia Center for Developmental Services, Inc.*, 76 Pa. Commonwealth Ct. 1, 5, 462 A.2d 962, 965 (1983). Thus, the case must be remanded to the common pleas court to take additional evidence and to make appropriate fact findings as to the fourth and fifth criteria set forth in Section 912 of the MPC.

---

[3] 53 P.S. §10912(4) and (5).
[4] 53 P.S. §11010.

Vacated and remanded for further proceedings not inconsistent with this Opinion.

ORDER

The Allegheny County Common Pleas Court order, No. SA 1485 dated March 1, 1982, is hereby vacated. The matter is remanded to the Common Pleas Court for proceedings not inconsistent with this Opinion. Jurisdiction relinquished.