James Davis, Thomas E. Ross, Anne P. Nachod & John Riley, Appellants *v.* Zoning Board of Adjustment et al., Appellees.

646

Argued April 7, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Mary Rose Cunningham,* Chief Assistant City Solicitor, with her *Mark A. Aronchick,* Acting City Solicitor, for appellees.

*Irvin Stander,* with him *Filmore Harowitz,* for intervening appellees.

OPINION BY JUDGE WILLIAMS, JR., December 23, 1983:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Zoning Board of Adjustment (Board) granting a variance to Ellis Thomas Arthurs and Harold Bowman, Jr. (applicants) for the rehabilitation and use of an abandoned apartment building as a multi-family dwelling.

Applicants seek to rehabilitate a vacant, dilapidated, four-story apartment building, situate in an area zoned "R-9 Residential," for use as a seventeen family unit dwelling. Although such use is permitted in the "R-9" zone, the premises does not conform with pertinent rear yard minimum area and depth, open court minimum width, setback and height restrictions. After a hearing, the Board granted applicants' variance request. Protestant-neighbors (appellants here) appealed the Board's decision to the common pleas court which, after hearing argument, remanded the matter for additional testimony on the unnecessary hardship issue and for another ruling on the variance application. Following a second hearing the Board again granted a variance from which protestant-neighbors appealed. Without taking additional evidence, the common pleas court affirmed the variance grant.

Our scope of review where the trial court took no additional evidence is limited to determining whether the Board abused its discretion, committed an error of law or made fact findings which are not supported by substantial evidence. *Zoning Hearing Board of Indiana Township v. Weitzel*, 77 Pa. Commonwealth Ct. 108, 110, 465 A.2d 105, 106 (1983) (citations omitted).

To establish a right to a variance, an applicant must prove, *inter alia,* unnecessary hardship which is peculiar to the applicant's property. Unnecessary hardship may be shown by demonstrating either that (1) the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense, or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. . . . (Citations omitted.)

*Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973).

Finding that the subject premises could not conform with the ''R-9 District'' zoning restrictions respecting setback, height, rear yard area and width and open court width, absent demolition and reconstruction, the Board concluded that unnecessary hardship peculiar to the property therefore existed. We agree.

In *Logan Square Neighborhood Association v. Zoning Board of Adjustment, City of Philadelphia,* 32 Pa. Commonwealth Ct. 277, 379 A.2d 632 (1977) we approved a variance grant permitting conversion of garage-type structure to a printing use upon the Board's finding that the pre-existing structure could not be employed for the permitted use without demolition and extensive reconstruction. Inasmuch as even appellants concede that without a variance the property would have to be demolished and then rebuilt in accordance with the "R-9 District" zoning restrictions, we believe that such a result constitutes substantial

evidence of unnecessary hardship. *See, id.* at 280, 379 A.2d at 634 ("where premises cannot be converted into a permitted use without demolition or extensive reconstruction more than 'mere economic hardship' exists") ;*see also, Weitzel* (zoning board erred in denying variance request of owner who then confronted choice of converting a three-story school building into a single-family dwelling or razing the structure and subdividing the lot).

Appellants next contend that the applicants failed to prove that the variance is not contrary to the public safety, morals and general welfare. *See Gro Appeal,* 440 Pa. 552, 269 A.2d 876 (1970). With ample support in the record the Board found that the abandoned building, as it presently exists, is a magnet for vandalism and other criminal activity, and thus jeopardizes the community's health, safety and general welfare. The Board additionally found that the proposed rehabilitation and re-inhabitation of this property will vastly improve the appearance and condition of the premises thereby obviating these problems of blight. The Board, therefore, was justified in concluding that a variance would not be contrary to the community's health, safety and general welfare. *See, Price v. Zoning Board of Adjustment,* 44 Pa. Commonwealth Ct. 95, 403 A.2d 196 (1979) (variance to convert abandoned building into three-family dwelling justified when evidence indicates that structure constitutes a security hazard and danger to neighborhood children).

Finding no merit in appellants' final contention that the Board improperly exceeded the trial court's remand order, the common pleas court's final order, sustaining the Board's variance grant, will be affirmed.

650 

ORDER

AND Now, this 23rd day of December, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.