547 Pa. 163 (1997)
689 A.2d 225
ALLEGHENY WEST CIVIC COUNCIL, INC., a Pennsylvania Nonprofit Corporation, Mark T. Fatla and Michael Coleman
v.
ZONING BOARD OF ADJUSTMENT OF THE CITY OF PITTSBURGH and Irwin Associates.
Appeal of IRWIN ASSOCIATES.
Supreme Court of Pennsylvania.
Argued September 18, 1996.
Decided February 20, 1997.
*165 William R. Sittig, Jr., Pittsburgh, for Allegheny West Civic Council, Inc.
George R. Specter, Pittsburgh, for Zoning Board of Adjustment of City of Pittsburgh.
Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

OPINION
NIGRO, Justice.
In this land use case, the Pittsburgh Zoning Board of Adjustment granted Irwin Associates, Inc.'s request for variances to the local zoning ordinance. The trial court found substantial evidence supporting that Irwin Associates will suffer unnecessary hardship without the variances and affirmed. The Commonwealth Court reversed the trial court because Irwin Associates did not establish that its property was valueless without the variances. For the reasons set forth below, we reverse the Commonwealth Court's decision.
Irwin Associates bought a vacant lot in a multiple-family residential zone in 1985. The area where the property is located has residential, commercial and institutional uses. Irwin Associates intended to develop apartments on the property. After it learned that federal funding was unavailable for the project in 1992, Irwin Associates entered into contracts to sell the property in three parcels to the Urban Redevelopment Authority of Pittsburgh, Allegheny Restorations, Inc. and West Park Non-Elderly Housing, Inc. for the development of housing. The total purchase price was $431,500.
The sales did not occur, however, after environmental testing showed that the site is contaminated with petroleum hydrocarbon and benzene. The contaminant levels exceed state and federal guidelines. While the Pennsylvania Department of Environmental Resources is not presently requiring remediation of the property, it has stated that it may in the future. Remediation costs include estimated capital costs of *166 $2.5 to $3 million and annual monitoring costs of $10,000 to $20,000.
Because of the potential health risks and the remediation costs, Irwin Associates sought approval from the Pittsburgh Zoning Board of Adjustment to use the property as an open air parking lot. It needed use and dimensional variances. The Allegheny West Civic Council opposed the parking lot because it would prefer residential development on the property. The Zoning Board heard testimony related to the variance requests at four hearings.
During cross-examination of Irwin Associates' president at one hearing, Allegheny West's counsel handed the president a proposed contract of sale purporting to offer $200,000 for the property at issue. When the president testified that he was unable to evaluate such an offer while on the witness stand, Allegheny West sent the proposed agreement of sale to him by mail.[1] At a later hearing, Irwin Associates' president testified that he did not believe that the offer was made in good faith and rejected it.
The Zoning Board concluded that Irwin Associates could not use the property for residential development because of the contamination. It found that Irwin Associates could use the contaminated land for residential purposes only after remediation at prohibitive costs. The Zoning Board determined that Irwin Associates did not create its hardship, that the variances are not detrimental to the neighborhood, and that the variances are the minimum variances that will afford relief. It thus granted the variances and Allegheny West appealed.
The trial court held that the evidence established that the contaminated property cannot be used for any permitted purpose under the zoning ordinance or can only be used for a permitted purpose at a prohibitive expense. Because Irwin Associates showed unnecessary hardship, it affirmed the Zoning Board's grant of the variances.
*167 The Commonwealth Court reversed. It held that the record did not support several of the Zoning Board's findings given Allegheny West's offer to buy the land for $200,000. The court stated that Irwin Associates failed to "meet its burden of proving that the property is practically valueless as zoned if [it] has not pursued an offer to purchase the property." Commonwealth Ct. Opinion at 7. This Court granted allocatur because of an apparent conflict between the Commonwealth Court's decision and other appellate decisions.
Because no additional evidence has been presented since the Zoning Board's decision, our standard of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the variances. Larsen v. Zoning Bd. of Adjustment, 543 Pa. 415, 421, 672 A.2d 286, 288-89 (1996). We may find an abuse of discretion if the Board's findings are not supported by substantial evidence. Id.
A variance applicant must show that unnecessary hardship will result if a variance is denied and that his proposed use will not be contrary to the public interest. Valley View Civic Ass'n v. Zoning Bd. of Adjustment, 501 Pa. 550, 555-56, 462 A.2d 637, 640 (1983).[2] At issue is whether Irwin Associates established that it will suffer unnecessary hardship without the variances.
Unnecessary hardship is established by evidence that the physical features of the property are such that it cannot be used for a permitted purpose or that the property can be *168 conformed for a permitted use only at a prohibitive expense. Snyder v. York City Zoning Hearing Bd., 115 Pa. Commw. 68, 72, 539 A.2d 915, 916 (1988); Logan Square Neighborhood Ass'n v. Zoning Bd. of Adjustment, 32 Pa. Commw. 277, 280, 379 A.2d 632, 634 (1977); see also O'Neill v. Philadelphia Zoning Bd. of Adjustment, 384 Pa. 379, 120 A.2d 901 (1956)(unnecessary hardship shown where it was financially impracticable to convert property to a permitted use). Unnecessary hardship may also be established by evidence that the property has no value for any purpose permitted by the zoning ordinance. Davis v. Zoning Bd. of Adjustment, 78 Pa. Commw. 645, 648, 468 A.2d 1183, 1184-85 (1983); Logan Square, 32 Pa. Commw. at 279-80, 379 A.2d at 634.
While showing that a property is valueless without a variance is one way to establish unnecessary hardship, this Court has expressly rejected requiring such a showing. In Valley View, a zoning board decided that a variance applicant established unnecessary hardship by showing that her property was surrounded by commercial uses and that it was impossible to use it for a residential purpose as zoned. Id. at 558, 462 A.2d at 641. The Commonwealth Court, however, held that the applicant did not suffer an unnecessary hardship "absent a showing that the property is rendered practically valueless as zoned." Id. This Court rejected such a requirement and reversed. Id. at 558-59, 462 A.2d at 641-42. The Court found it unreasonable to force a property owner to try to sell his property as a prerequisite to receiving a variance. Id.
Here, the Commonwealth Court has again required the showing of valuelessness that this Court explicitly rejected in Valley View. Just as it was unreasonable there to require a property owner to try to sell his property before he could get a variance, it is also unreasonable under these facts to force a property owner to pursue an offer that is less than half of the property's initial value in lieu of a variance. See Searles v. Zoning Hearing Bd., 118 Pa. Commw. 453, 545 A.2d 476 (1988)(refusal to sell property is not a basis for denying a variance (citing Harper v. Zoning Hearing Bd., 21 Pa. *169 Commw. 93, 343 A.2d 381 (1975))). As in Valley View, substantial evidence in this case supports the Board's conclusion that unnecessary hardship was established.
Irwin Associates' environmental consultant testified that the contamination exceeded state and federal guidelines and that a building on the property may be a health hazard because vapors could accumulate inside. Its real estate financing expert testified that it was unlikely that a financial institution would lend money for a construction project on the property because it would expose itself to potential liability for remediation costs. Irwin Associates' president testified that the relatively small size of the lot precluded other permitted uses not involving improvements. The environmental consultant estimated that the remediation capital cost would be $2.5 to $3 million and annual monitoring costs would be $10,000 to $20,000. There is thus substantial evidence that Irwin Associates cannot use the property for a permitted purpose or can only conform it for a permitted purpose at a prohibitive cost. Furthermore, notwithstanding Allegheny West's offer to buy the lot, there is evidence that the property is now without value as zoned. The local property assessment board assigned the property a fair market value of zero.[3]
The Zoning Board did not abuse its discretion or commit an error of law in granting the variances. Because the Commonwealth Court erroneously concluded that Irwin Associates failed to establish unnecessary hardship, we reverse its decision and remand to the Commonwealth Court to decide the remaining issues raised on appeal.
NEWMAN, J., did not participate in the consideration or decision of this case.
NOTES
[1] Allegheny West had sent the offer to Irwin Associates' counsel before the hearing but its president had not reviewed it.
[2] The Municipal Planning Code, 53 P.S. § 10910.2 (Supp.1995), specifically requires an applicant to show:

(1) That there are unique physical conditions peculiar to the property and that the unnecessary hardship is due to those conditions;
(2) That because of the physical conditions, there is no possibility that the property can be developed in strict conformity with the zoning ordinance and that a variance is needed to enable reasonable use of the property;
(3) That unnecessary hardship has not been created by the applicant;
(4) That the variance is not detrimental to the public welfare and
(5) That the variance is the minimum variance that will afford relief and is the least modification of the regulation at issue.
[3] While this evidence of no value supports the Board's conclusion that unnecessary hardship was established, in accordance with our holding today, evidence of no value is not required to establish unnecessary hardship.