**Add B. ANDERSON, Jr., Charles G. Simpson, Patricia Ahmad–Missimer, Upper Roxborough Civic Association, Appellants,**

v.

**Thomas P. WITT, Esq., Zoning Board of Adjustment, City of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1997.

Decided April 4, 1997.

Frank R. Donahue, Jr., Philadelphia, for appellants.

Thomas P. Witt, Philadelphia, for appellee.

Before McGINLEY and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

McGINLEY, Judge.

Add B. Anderson, Jr., Charles G. Simpson, Patricia Ahmad–Missimer, and the Upper Roxborough Civic Association (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas court) which affirmed the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting a variance to Congregation Mishkan Shalom (Congregation).

The Congregation applied to the Board for a variance to convert a property at 8 Summit Place in the Upper Roxborough area of Philadelphia, which is zoned as an R–1 residential district, into a synagogue. The congregation wished to add a one story addition to the existing structure to house the sanctuary. A hearing was held before the Board on September 20, 1995, wherein the Congregation asserted that the existing building on the property was unsuited for use as a one family dwelling by reason of its enormous size, and that the conversion of the building to a synagogue would not result in traffic congestion. Additionally, the Congregation proposed to add parking spaces on the property. Appellants opposed the application arguing that traffic and parking problems would inevitably result.

The subject building is over 13,000 square feet with 12 HVAC systems, 25 telephone lines, and 7,000 square feet of exterior paved terrace. It was built as a single family

dwelling and used as such since its construction.

In an adjudication dated September 28, 1995, the Board granted the requested variance. Appellants appealed to the common pleas court, which upheld the Board's decision.

■ On appeal before us, Appellants raise two issues for our review: 1) Did the Congregation prove an unnecessary hardship stemmed from the unique circumstances of the property; and 2) Did the Congregation prove that a variance would not alter the character of the neighborhood or be detrimental to the public welfare.[1]

■ Initially, Appellants assert that the Congregation failed to prove that the property was unusable within the parameters of its present zoning classification, or that the property was without value in its current condition. We note that an applicant for a variance is required to show that unnecessary hardship will result if a variance is denied and that the proposed use will not be contrary to the public interest *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Unnecessary hardship is established by evidence that the physical features of the property are such that it cannot be used for a permitted purpose or that the property can be conformed for a permitted use only at a prohibitive expense. *Snyder v. York City Zoning Hearing Bd.,* 115 Pa. Commw. 68, 72, 539 A.2d 915, 916 (1988); *Logan Square Neighborhood A'ssn v. Zoning Bd. of Adjustment,* 32 Pa. Commw. 277, 280, 379 A.2d 632, 634 (1977), see also *O'Neill v. Philadelphia Zoning Bd. of Adjustment,* 384 Pa. 379, 120 A.2d 901 (1956)(unnecessary hardship shown where it was financially impracticable to convert property to a permitted use). Unnecessary hardship may also be established by evidence that the property has no value for any purpose permitted by the zoning ordinance. *Davis v. Zoning Bd. of Adjustment,* 78 Pa. Commw. 645, 648, 468 A.2d

1183, 1184–85 (1983); *Logan Square,* 32 Pa. Commw. at 279–80, 379 A.2d at 634.

*Allegheny West Civic Council, et al v. Zoning Board of Adjustment of the City of Pittsburgh,* —— Pa. ——, ——, 689 A.2d 225, 227–28 (1997).

■ Here, the Board concluded that the Congregation demonstrated the requisite unnecessary hardship due to the unconventional characteristics of the property, and that significant modifications were necessary to convert the property to apartments. These conclusions were based, at least in part, on testimony from Louise D'Alesandro (D'Alesandro) and Walter Crimm (Crimm). D'Alesandro, a licensed real estate broker, testified that she listed the house and showed it for nine months and did expansive advertising and promotion, but managed to have only 4 showings. Crimm, the Congregation's architect, stated that the house was too large to be a one family dwelling and that it could not be converted to apartments without extensive demolition and reconstruction.

■ We note that for purposes of obtaining a variance from a zoning ordinance for undue hardship, "economic and personal considerations in and of themselves are not sufficient to constitute hardship." *McNally v. Bonner,* 165 Pa.Cmwlth. 186, 645 A.2d 287, *appeal denied,* 540 Pa. 585, 655 A.2d 516 (1995).

In *Allegheny West,* Irwin Associates, Inc. (Irwin) acquired a 1.2 acre lot in 1985, intending to develop the property for residential housing. Irwin subsequently entered into an agreement to sell the property in three parcels to three separate entities for residential housing. After testing revealed that the site was contaminated with petroleum products, the sales fell through and Irwin sought both use and dimensional variances from the Pittsburgh Zoning Board of Adjustment (ZBA) to use the property as an open air parking lot.

---

1. We note that where the common pleas court does not take additional evidence, our scope of review is limited to determining whether the zoning board manifestly abused its discretion or committed an error of law. *West Goshen Township v. Crater,* 114 Pa.Cmwlth. 245, 538 A.2d 952 (1988).

The ZBA granted the variances and the trial court affirmed. On appeal, this Court noted that Irwin had failed to show that the property was essentially without value for its permitted use due to the fact that objectors in the matter had offered $200,000 for the property after the prior sale fell through and with knowledge of the contamination.

On review, our Pennsylvania Supreme Court noted that it was unreasonable "to require a property owner to sell his property before he could get a variance, it is also unreasonable under these facts to force a property owner to pursue an offer that is less than half the property's initial value in lieu of a variance." *Allegheny West,* 689 A.2d at 228).

Here, unlike the scenario presented in *Allegheny West,* the property in question was used for its permitted purpose for 15 years.[2] We do not believe that the realtor's failure to sell the house in nine months constituted a showing of unnecessary hardship. At most, such a failure was an economic consideration, and insufficient to support the grant of a variance. Admittedly, the size of the structure makes its sale as a single family dwelling more difficult, but such a difficulty does not per se render the property unsuited to its present use. We must conclude that the Congregation presented insufficient evidence to support a finding that the property deserved a variance and the common pleas court erred in determining otherwise.

Accordingly, we reverse the order of the common pleas court.[3]

*ORDER*

AND NOW, this 4th day of April, 1997, the order of the Court of Common Pleas of Phila-

delphia County at No. 95 10 0121, and dated May 8, 1996, is reversed.

---

2. In its opinion, the common pleas court discussed the history of the structure, stating:

 This property and the house thereon are rather well-known in Philadelphia. City Councilman Al Pearlman had the house built for Mayor and Mrs. Frank Rizzo, who declined to accept it. Mr. Pearlman owned it until 1983, at which time it was sold at Sheriff's Sale to the current owner, Mr. John Egan, Jr.

Common Pleas Court opinion, July 29, 1996, at 3, Reproduced Record (R.R.) at 79a. Further, Frank R. Donahue, Jr., counsel for Appellants, noted that the property has been occupied for 15 years as a single family dwelling. Notes of Testimony, September 20, 1995, at 43; R.R. at 46a.

3. Due to our disposition of the initial issue raised by Appellants, we need not examine the remaining one.