William and Frances GOLDSTEIN,
Appellants

v.

The ZONING HEARING BOARD of
the TOWNSHIP OF LOWER
MERION.

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2011.

Decided April 21, 2011.

Reargument Denied June 10, 2011.

Fred B. Fromhold, Villanova, for appellants.

Sean P. Flynn, Bridgeport, for appellees.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

William and Frances Goldstein (Landowners) appeal from the October 21, 2009, order of the Court of Common Pleas of Montgomery County (trial court) affirming the November 9, 2006, decision of the Zoning Hearing Board (Board) of Lower Merion Township (Township), which denied Landowners' application for a dimensional variance.

Landowners are the owners of real property located at 232 Tower Lane in Narberth, Pennsylvania (property). The property is located in the R–2 Residence District and consists of a single-family dwelling, patio, pool with a deck, and pool house. The pool house, at issue here, was constructed in 1982 with an eastern side setback of 12.5 feet. (Reproduced Record (R.R.) at 25a.) At that time, the main dwelling was set back 19.99 feet from the western property line. *Id.* Section 155–24D(1) of the Lower Merion Zoning Ordinance (Ordinance) requires a side setback of 12 feet and a minimum aggregate side setback of 35 feet. Thus, when the Landowners constructed the pool house they violated the aggregate side setback of 35 feet by 2.51 feet.[1] The Township did not cite Landowners for this violation.

In 2006, Landowners constructed an addition to the west side of the dwelling that further reduced the western side setback from 19.99 to 12 feet. (R.R. at 5a.) Consequently, the aggregate side yard setback was reduced to 24.5 feet, which violates the aggregate side setback of 35 feet by 11.5 feet. The permit for the addition was contingent on the pool house being removed or permitted to remain by order of the Board.

On October 2, 2006, Landowners filed an application with the Board seeking a dimensional variance from the aggregate side yard setback requirement of section 155–24(D)(1) of the Ordinance in order that the pool house might remain in its current location. At the hearing before the Board, Landowners' attorney presented evidence that it would cost $55,000.00 to move the pool house, or, in the alternative, $95,000.00 to demolish and rebuild it. (R.R. at 22a.) In addition, both of Landowners' neighbors testified in support of the variance. (R.R. at 27a–29a.) On November 9, 2006, the Board issued an opinion and order denying Landowners' application because Landowners did not meet their burden to prove all of the elements required for a variance pursuant to section 910.2 of the Municipalities Planning Code (MPC),[2] 53 P.S. § 10910.2. In particular, the Board concluded that Landowners did not demonstrate that there are any unique physical conditions on the property resulting in unnecessary hardship and that any hardship incurred as a result of constructing the pool house and addition was self-created.

Landowners appealed the Board's decision to the trial court. By order dated October 21, 2009, the trial court denied the appeal and affirmed the decision of the Board. Landowners now appeal to this Court.[3]

A party seeking a variance must prove that unnecessary hardship will result if the variance is denied and that the proposed variance is not contrary to the

---

1. Pursuant to section 155–135 B of the Ordinance, the pool house, as an accessory building, could have been located within 10 feet of the side yard line if it had been built behind the rearmost portion of the dwelling.

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10910.2. Section 910.2 of the MPC was added by section 89 of the Act of Dec. 21, 1988, P.L. 1329.

3. When the trial court does not take additional evidence, our Court's scope of review is limited to determining whether the Board committed an abuse of discretion or an error of law in denying the variance. *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998). The zoning board abuses its discretion when it makes material findings of fact not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might find adequate to support a conclusion. *Id.*

public interest. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). Pursuant to section 910.2(a) of the MPC, the Board must consider all of the following factors, where relevant, in granting or denying a variance:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a). Here, the Board concluded that Landowners did not satisfy their burden to demonstrate unnecessary hardship due to unique physical characteristics of the property or that the alleged hardship was not self-created. As the trial court observed:

[The Board explained that Landowners] in this matter failed to prove the elements required for a variance. First, they did not show that there are any unique physical conditions on the property or that there is any resulting unnecessary hardship. [ ] There was in fact *no* testimony that there are unique physical conditions on this property.

Second, the 'hardship,' if any, relates to the cost to [Landowners] to move the pool house to a conforming location (or to rebuild it in a conforming location). The hardship, however, was created by the [Landowners'] original construction of the pool house 12.5 feet from the eastern side property line and the subsequent construction of the addition to their dwelling to within 12 feet of the western side property line. This self-created hardship precludes the grant of the variance.

Trial court op. at 3.

■ On appeal, Landowners assert that the Board erred in applying a more stringent standard for the grant of a dimensional variance than that enunciated by our Supreme Court in *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998).[4]

4. In *Hertzberg,* a nonprofit social service agency sought a dimensional variance and special exception to convert an abandoned building into a lodging house for homeless women. The Zoning Board of Adjustment of the City of Pittsburgh granted the variance and special exception, and the trial court affirmed. The Commonwealth Court reversed, concluding that the social service agency did not meet its burden to demonstrate unnecessary hardship because it did not offer evidence that the property could not be used for a purpose permitted by the zoning ordinance. Our Supreme Court reversed the Common-

Landowners aver that where the proposed use is not contrary to the public interest, the necessity of extensive reconstruction or demolition of a building constitutes a physical condition unique to the property that is sufficient to establish unnecessary hardship. In support, Landowners cite our Supreme Court's decision in *Appeal of Crawford*, 358 Pa. 636, 57 A.2d 862 (1948).[5]

In accord with *Crawford*, our Court has held that unnecessary hardship unique to the property exists if the property cannot be conformed to a permitted purpose without extensive demolition or reconstruction. *Davis v. Zoning Board of Adjustment*, 78 Pa.Cmwlth. 645, 468 A.2d 1183 (1983); *see also Logan Square Neighborhood Association v. Zoning Board of Adjustment of City of Philadelphia*, 32 Pa.Cmwlth. 277, 379 A.2d 632 (1977) (holding that more than mere economic hardship exists if a property cannot be conformed to a permitted use without demolition and extensive reconstruction).

However, as the Township observes, in *Phillips v. Griffiths*, 366 Pa. 468, 77 A.2d 375 (1951), our Supreme Court held that its ruling in *Crawford* does not excuse deliberate violations of a zoning ordinance. In *Phillips*, the landowners purchased property with a coach house after a warning by the former owner that the Land-

owners' proposed use of the coach house as a family dwelling might be enjoined due to violations of the minimum rear and side yard requirements of the local zoning ordinance. Nonetheless, the landowners purchased the property and converted the coach house on the property into a private dwelling without first acquiring a variance. Neighboring property owners then sought to enjoin the use of the coach house as a residence in violation of the ordinance. The trial court dismissed the action based on our Supreme Court's decision in *Crawford*. On appeal, our Supreme Court reversed the trial court, concluding that its ruling in *Crawford* does not excuse deliberate violations of a zoning ordinance.

Notably, in *Crawford*, the landowners sought zoning approval before converting the garage at issue into a personal residence. Here, Landowners sought a dimensional variance after they began constructing the addition to their home even though they knew the addition would further violate the setbacks required by the Ordinance. Moreover, as the Board and trial court observed, Landowners did not offer any evidence that unique physical conditions of the property result in unnecessary hardship. Thus, Landowners did not meet their burden to demonstrate unnecessary hardship.

wealth Court, holding that the quantum of proof necessary to establish unnecessary hardship for a dimensional variance is less than that needed to obtain a use variance because a landowner requesting a dimensional variance is merely seeking a reasonable adjustment of the zoning regulations. The Supreme Court further specified that courts may consider multiple factors in determining whether to grant a dimensional variance, including the economic detriment to the applicant, whether the cost to conform the property to the zoning ordinance is prohibitive, and the characteristics of the surrounding neighborhood. Accordingly, the Court reversed and remanded to the Board for consideration

of further evidence and the standards enunciated in its opinion.

**5.** In *Crawford*, the property owner sold the home where he used to reside and sought a dimensional variance to convert a garage located on the same property into a personal residence. Our Supreme Court held that requiring the property owner to move the building to a different location on the property at a cost of $3,500 and the resulting destruction of valuable and ornamental shade trees imposed an unnecessary hardship to the property owner if the variance was denied. Thus, the Court determined that the Board abused its discretion in denying the property owner's request for a variance.

Next, Landowners aver that the Board erred in concluding that the alleged hardship was self-created where the denial of the variance forces Landowners to relocate the pool house or demolish and reconstruct the pool house at great expense. Landowners assert that the Board's reliance on our Court's decisions in *Appletree Land Development v. Zoning Hearing Board of York Township*, 834 A.2d 1214 (Pa. Cmwlth.2003), and *Doris Terry Revocable Living Trust v. Zoning Board of Adjustment of the City of Pittsburgh*, 873 A.2d 57 (Pa.Cmwlth.2005), is misplaced because Landowners will be required to demolish or relocate the pool house at a great expense if the variance is denied.

However, whether a self-created hardship is substantial or minor is of no moment. In *Doris Terry*, our Court held that because the hardship was self-created, the landowner was not entitled to a dimensional variance even though he would be required to dismantle a garage he constructed. In *Appletree*, our Court held that a landowner whose porch violated a setback by one foot was not entitled to a dimensional variance, even though the violation was *de minimis*, because the hardship was of his own making. Here, Landowners proceeded to construct the addition to their home without first acquiring a variance from the Board. As evidenced by the conditions of the permit for construction of the addition, Landowners were aware that the pool house/addition would further violate the aggregate side setback required by the Ordinance. Further, as the Township observes, "[h]ad [Landowners] merely designed their addition to be a little smaller, perhaps in-line with the existing dwelling, or even kept it as large, but moved it 8 feet closer to the pool, the aggregate side yard could have been maintained and there would not even have been a need for a variance." Township's brief at 11. Thus, we conclude that the Board

did not err in determining that the alleged hardship in removing or reconstructing the pool house was self-created.

Finally, Landowners aver that the Board erred in failing to consider the beneficial impact granting the variance would have on neighboring properties or the detrimental impact on neighboring properties that would result if the variance were denied. In support, Landowners cite *Hertzberg* for the proposition that courts should consider the impact of the grant or denial of a dimensional variance on surrounding properties and *Davis* for the proposition that a variance should be granted if beneficial to surrounding properties. Thus, Landowners assert that the Board erred when it denied the grant of the variance despite the testimony of both neighboring property owners that the pool house is aesthetically pleasing and affords privacy.

However, the beneficial impact on neighboring properties if the variance is granted demonstrates only that the variance would not adversely impact the public interest. A property owner seeking a variance must demonstrate both unnecessary hardship if the variance is denied and that the proposed variance is not contrary to the public interest. *Valley View.* Here, Landowners did not meet their burden to demonstrate unnecessary hardship. Accordingly, the Board did not err in denying the variance despite the testimony of both neighboring property owners that the pool house is aesthetically pleasing and affords privacy.

Contrary to Landowners' assertions, the evidence before the Board did not demonstrate unnecessary hardship unique to the property or that the alleged hardship was not self-created as required to comply with the applicable variance standards. Thus, we discern no abuse of discretion or error

of law in the Board's denial of a dimensional variance.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 21st day of April, 2011, the decision of the Zoning Hearing Board of Lower Merion Township, dated November 9, 2006, is hereby affirmed.