IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of: Artisan Construction : 
Group, LLC from the Resolution : 
Dated February 7, 2024 of : 
the Board of Supervisors of East : 
Vincent Township, Chester County, : 
Pennsylvania : 
: 
Appeal of: Artisan Construction : No. 287 C.D. 2025
Group, LLC : Argued: February 3, 2026

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE STELLA M. TSAI, Judge

OPINON NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                                          FILED: March 16, 2026


Artisan Construction Group, LLC (Artisan), appeals from an order of the Court of Common Pleas of Chester County (Common Pleas), which sustained a Resolution of the Board of Supervisors of East Vincent Township (Board). The Resolution denied Artisan's Preliminary Land Development Application for an 86-unit residential development connected to public sewer (86-Unit Plan) in East Vincent Township (Township). We now affirm.

## I. BACKGROUND

Artisan prepared the 86-Unit Plan, referred to as "Bechtel Farm at Stony Run," for the purposes of meeting both preliminary land development requirements under the Township's Subdivision and Land Development Ordinance (SALDO) and zoning requirements under the East Vincent Township Zoning Ordinance of 2002, as amended (Zoning Ordinance), including conditional use approval. Artisan filed

two applications with the Board: (1) the Preliminary Land Development Application, filed August 17, 2022, which is the subject of this appeal, and (2) an application for conditional use approval (Conditional Use Application), filed August 20, 2022, for the same 86-Unit Plan.

As to the Conditional Use Application, Artisan sought conditional use pursuant to Part 9 of the Zoning Ordinance, pertaining to Open Space Design Option (OSDO), and Part 24 of the Zoning Ordinance, pertaining to Transferable Development Rights (TDRs). To meet density requirements, Artisan proposed to develop two adjacent properties in the Township using TDRs. One of the properties, consisting of approximately 67.9 acres, is located at 446 Stony Run Road and is situated in the Low Density Residential (LR) Zoning District. The other property, consisting of approximately 90 acres, is located at 1241 West Bridge Street and is situated in the Rural Conservation (RC) Zoning District. Artisan proposed utilizing the TDRs to increase the density and number of residences in the LR Zoning District. In addition, Artisan proposed to utilize the OSDO, which is authorized in the LR Zoning District as a conditional use for residential development under Section 27-902 of the Zoning Ordinance.

The Board conducted eleven hearings over eleven months. Appellee East Vincent Advocacy (EVA), a group formed for the purpose of advocating on behalf of its members in favor of responsible development in the Township, and Appellee William Fields (Fields), a member of EVA who resides directly across the street from the proposed development, sought to intervene in the proceedings. The Board granted intervention, and EVA and Fields participated as parties in the hearings.[1] Throughout the course of the hearings, Artisan submitted four revisions to the

---

[1] When used herein, EVA includes not only EVA but its member William Fields.

86-Unit Plan. At the tenth hearing on October 4, 2023, Artisan presented to the Board an alternative proposal for a 53-unit residential development (53-Unit Plan) for consideration with the Conditional Use Application only. Artisan did not withdraw the 86-Unit Plan as it related to both the Conditional Use Application and the Preliminary Land Development Application.

Ultimately, the Board denied the Conditional Use Application for the 86-Unit Plan but granted the Conditional Use Application for the 53-Unit Plan. In its written decision issued January 31, 2024, the Board concluded that Artisan failed to meet its initial burden to prove that the 86-Unit Plan satisfied the specific, objective criteria of the Zoning Ordinance, identifying deficiencies related to density, stormwater management, and sewer capacity.

Thereafter, on February 7, 2024, the Township denied the Preliminary Land Development Application for the 86-Unit Plan via Resolution 2024-09 (Resolution). Appellant's Brief, Appendix A. The Board found the 86-Unit Plan defective based on the Township's SALDO and Zoning Ordinance, reasoning that the 86-Unit Plan was defective for purposes of preliminary land development approval because it failed to comply with the Township's Zoning Ordinance, noting that Artisan failed to obtain conditional use approval; incorporated its January 31, 2024, written decision on the Conditional Use Application into the Resolution; identified additional Zoning Ordinance deficiencies; and denied waivers that Artisan sought under the Township's SALDO, thereby resulting in the 86-Unit Plan failing to meet various SALDO requirements. *Id.*, Appendix A at 2-3, ¶¶ 1-2. The Board further found that the Preliminary Land Development Application failed to comply with

3

SALDO sanitary sewer requirements and various technical comments.[2]  *Id.*, Appendix A at 4, ¶¶ 3-5.

Artisan appealed the denial of the Conditional Use Application and denial of the Preliminary Land Development Application to Common Pleas.  By decision and order dated July 18, 2024, Common Pleas affirmed the Board's denial of the Conditional Use Application, and Artisan appealed to this Court.  Thereafter, by decision and order dated January 16, 2025, Common Pleas sustained the Board's Resolution denying the Preliminary Land Development Application.  By opinion and order of this same date, we affirmed the order of Common Pleas as to the Board's denial of the Conditional Use Application.  *See Appeal of: Artisan Construction Grp., LLC from the Portions of the Decision Dated January 31, 2024, of the Bd. of Supervisors of E. Vincent Twp., Chester Cnty., Pa.*, ___ A.3d __ (Pa. Cmwlth., No. 963 C.D. 2024, filed 3/16/2026 (*Appeal of Artisan*).  We now consider whether Common Pleas erred in sustaining the Board's Resolution denying the Preliminary Land Development Application.

## II.  ISSUES

On appeal,[3] Artisan focuses on aspects of Common Pleas' decision regarding whether Artisan had misrepresented its intention to withdraw the 86-Unit Plan

---

[2] Artisan summarizes the bases for denial of preliminary land development approval as the denial of conditional use approval; deficiencies related to sewage disposal capabilities, site analysis and impact narrative under the Township's SALDO, design under the OSDO, and calculation of bonus density under the OSDO; and alleged failures to address comments in review letters.

[3] Where a court has not held a hearing or taken additional evidence, the standard of review in a land use appeal is limited to a determination of whether the municipal body has committed an error of law or a manifest abuse of its discretion.  *Allegheny W. Civic Council Inc. v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 689 A.2d 225, 227 (Pa. 1997).  Abuse of discretion is found if the board's findings are not supported by substantial evidence.  *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Where an

4

following the Board's conditional use approval of the 53-Unit Plan. Artisan contends that it did not make any misrepresentations and was legally permitted to continue to seek approval of both the 53-Unit Plan and the 86-Unit Plan. Artisan also argues that the Board erred in denying the Preliminary Land Development Application based on failure to meet Township requirements, maintaining, in part, that it "correctly calculated a yield of 86 lots using the OSDO and TDRs, including bonus density." Appellant's Brief at 21. Of significance to our analysis, in advancing this argument that it was entitled to develop 86 lots, Artisan reiterates the same arguments on which it was unsuccessful in *Appeal of Artisan*, incorrectly interpreting Parts 9 and 24 of the Township's Zoning Ordinance.[4] Finally, Artisan contends that it is entitled to preliminary land development approval because it acted in good faith and the Board acted in bad faith.

The Board and EVA submit counter-statements of the questions presented. The Board counters that it did not abuse its discretion by denying the Preliminary Land Development Application for the 86-Unit Plan, observing that Artisan did not obtain conditional approval for the 86-Unit Plan, which is a prerequisite to land

error of law is claimed, the standard of review is de novo. *Pocono Manor Investors, L.P. v. Pa. Gaming Control Bd.*, 927 A.2d 209, 216 (Pa. 2007). Moreover, the trial court cannot substitute its interpretation of the evidence for that of the board. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 811 (Pa. Cmwlth.), *appeal denied*, 887 A.2d 1243 (Pa. 2005). When the record contains substantial evidence, the court is bound by a "board's findings that result from resolutions of credibility and conflicting evidence rather than a capricious disregard of evidence." *Id.* On review, the board's interpretation and application of its zoning ordinance is entitled to considerable deference. *Caln Nether Co., L.P, v. Bd. of Supervisors of Thornbury Twp.*, 840 A.2d 484, 491 (Pa. Cmwlth.), *appeal denied*, 856 A.2d 835 (Pa. 2004).

[4] In support of this second issue, Artisan also attempts to demonstrate: the ability to provide adequate public sewage capability; that the 86-Unit Plan showed sufficient detail in illustrating proposed development and non-development uses of the tract; that the site analysis and impact narrative sufficiently depicted Artisan's mitigation of any resource impacts; and that the 86-Unit Plan, together with supporting documents and studies, showed conformity of the proposed development to the purposes of the OSDO.

5

development approval under Section 27-602.3A of the Zoning Ordinance.[5] EVA joins the Board's brief and further counters that we should affirm because the Board appropriately exercised its discretion to deny preliminary land development approval for the 86-Unit Plan because Artisan failed to show that its plan satisfied the specific, objective criteria of the Zoning Ordinance. Additionally, EVA reiterates the same three alternative arguments, on which it was unsuccessful in *Appeal of Artisan*, all of which depend on its assertion that Artisan, in a hearing before the Board, entered into a settlement agreement with EVA through which Artisan agreed to reduce its proposed subdivision from 86 lots to 53 lots, handle all sewage with on-lot systems, and address all stormwater issues raised by EVA's expert. As a result of that settlement agreement, EVA contends that the Board's decision should be affirmed or Artisan's appeal barred based upon (1) the doctrine of equitable estoppel, (2) the doctrine of judicial estoppel, or (3) judicial admissions.

## III. DISCUSSION

At the outset, we note that Artisan does not dispute that approval of its Preliminary Land Development Application was dependent upon its ability to obtain conditional use approval for a residential development in the LR Zoning District. *See* Section 27-602.3A of the Zoning Ordinance. As discussed at length in *Appeal of Artisan*, Artisan's assertion that the Board erred or abused its discretion when it denied Artisan's Conditional Use Application is without merit, as Artisan's density

---

[5] Section 27-602.3A of the Zoning Ordinance provides:

> Conditional Uses. Where approved by the Board of Supervisors as a conditional use, the following uses will be permitted within the LR-Low-Density Residential District, subject to the conditions and procedures in Part 19:
>
> > A. Development under the open space design option in accordance with Part 9, including single-family detached dwellings, two-family dwellings, and multi-family dwellings.

6

calculations were based upon strained and incorrect interpretations of the Zoning Ordinance. *See Appeal of Artisan*, ___ A.3d at ___, slip op. at 22-23. As Artisan was unsuccessful in its appeal of the Board's denial of conditional use approval in *Appeal of Artisan*, it is unable to succeed in its appeal of the Board's denial of preliminary land development approval in this appeal.

Because we conclude that the Board did not err or abuse its discretion in denying Artisan preliminary land development approval of its 86-Unit Plan based on Artisan's failure to obtain conditional use approval, we need not address whether Common Pleas erred in attributing misrepresentations to Artisan or whether the Board acted in bad faith. Our decision today is not based on any alleged misrepresentation made by Artisan as to its intentions to withdraw the 86-Unit Plan. And the record of the Board's hearing did not substantiate the existence of an agreement by Artisan that would bar Artisan's ability to appeal from a decision of the Board. *See Appeal of Artisan*, ___ A.3d at ___, slip op. at 13-14.

Artisan, for its part, contends that the Township did not act in good faith in its review of the 86-Unit Plan because it denied the plan while it was still under active review and revision. No review or revision of the plan would have altered the density calculations required by the Zoning Ordinance. There is no scenario under which Artisan's 86-Unit Plan could meet the density requirements of the Zoning Ordinance.

## IV. CONCLUSION

For the reasons set forth above, we affirm the order of Common Pleas, sustaining the Resolution of the Board for the reasons set forth in this Memorandum Opinion.

_____
STELLA M. TSAI, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of: Artisan Construction : 
Group, LLC from the Resolution :
Dated February 7, 2024 of :
the Board of Supervisors of East :
Vincent Township, Chester County, :
Pennsylvania :
:
Appeal of: Artisan Construction :   No. 287 C.D. 2025
Group, LLC :

# **O R D E R**

AND NOW, this 16th day of March, 2026, the order of the Court of Common Pleas of Chester County, sustaining the Resolution of the Board of Supervisors of East Vincent Township, is AFFIRMED for the reasons set forth in our Memorandum Opinion issued on this date.

_____
STELLA M. TSAI, Judge