Poster Advertising Company, Inc., Appellant, *v.* Zoning Board of Adjustment.

Argued May 2, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Edward R. Becker,* with him *Becker & Becker,* for appellants.

*James L. Stern,* Deputy City Solicitor, with him *Lenard L. Wolffe* and *Matthew W. Bullock, Jr.,* Assistant City Solicitors, and *David Berger,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

This is an appeal from an order of the Court of Common Pleas No. 2 of Philadelphia County affirming a decision of the Zoning Board of Adjustment.

Edward J. Dopkis is the owner of a small vacant piece of land on the north corner of Aramingo Avenue and Bermuda Street in the City of Philadelphia. The land has a front of 14 feet, 7 inches on Bermuda Street. The side lines are approximately 30 feet and 20 feet in depth respectively. The rear line abuts a blank wall of a building used as a residence.

The lot originally ran to a depth of approximately 100 feet and was improved with a residence building. In 1955, the city condemned approximately two-thirds of the land included in the lot for the purposes of lay-

ing and relocating Aramingo Avenue, so that the land after the taking was reduced to its present dimensions.[1] As a result of the taking the owner was paid money damages, which was the difference in the market value thereof before and after the taking.

Poster Advertising Company subsequently leased the land remaining, and now involved, from the owner, Dopkis, and applied for a variance for the erection of two outdoor advertising signs thereon, the signs each to be 6 feet by 12 feet, erected 3 feet off the ground. Since the land is zoned "D-1" Residential, under which classification outdoor advertising signs are not permitted, the variance was refused by the zoning administrator, and later by the board of adjustment. The board concluded that: (a) the land involved can be used for residential purposes; (b) the owner of the land received adequate compensation for the value of the entire lot in the condemnation proceedings, hence there is no hardship present; (c) the proposed use would be against the public interest and constitute "a commercial inroad upon this predominantly residential district"; and, (d) the health, safety and general welfare of the immediate neighborhood would be adversely

---

[1] In *Lazarus v. Morris*, 212 Pa. 128, 61 A. 815 (1905), this Court decided that the appropriation of land under the power of eminent domain does not give a fee simple estate therein in the absence of express statutory language to that effect, but only a right to use and occupy the land for the purpose for which it is taken. Since *Lazarus*, however, the legislature has enacted the Act of April 14, 1949, P. L. 442, No. 71, §1, 26 PS §201, which provides as follows: "When any political subdivision of this Commonwealth shall hereafter, in the exercise of the power of eminent domain, acquire by appropriation and condemnation any real estate, the title thereto which shall vest in such city, county, school district, or other political subdivision shall be a title in fee simple, unless prohibited in the ordinance or resolution authorizing the appropriation and condemnation thereof." Whether or not this statute applies to a public taking for streets has not yet been decided by this Court.

affected. Poster Company appealed to the Court of Common Pleas No. 2 of Philadelphia County. Dopkis was granted the right to intervene. No additional testimony was taken and the court affirmed the board's decision, ruling no abuse of discretion was present.

The scope of our review on this appeal is limited to a determination of whether or not the evidence sustains the findings and conclusions of the board, and whether or not the board abused its discretion, or committed an error of law. *Haas v. Zoning Board of Adjustment,* 403 Pa. 155, 169 A. 2d 287 (1961). We conclude that the evidence does not sustain the conclusions below and that there was a manifest abuse of discretion.

An owner of land is entitled to a variance only where the property is subjected to an unnecessary hardship, unique or peculiar to itself, and where the grant thereof will not be contrary to the public interest. The reasons to justify the granting of a variance must be "substantial, serious and compelling." See, *Magrann v. Zoning Board of Adjustment,* 404 Pa. 198, 170 A. 2d 553 (1961). The evidence herein manifests that such a unique and substantial hardship does in fact exist.

The size and dimension of the land as presently constituted prevent the construction and use thereon of any residence property. The conclusion of the board to the contrary was not justified. In fact, the size and dimension permit a very limited number of productive uses, the most likely and practical being that contemplated. If this use is denied, the owner will be compelled to continue to pay taxes thereon, maintain the actual surface and adjoining sidewalks in a clean and reasonably safe condition in order to escape possible damage claims, without any return from the use of the property whatsoever.

Of course, an economic hardship is not sufficient in itself to warrant the grant of a variance: *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d

280 (1958) ; *Magrann v. Zoning Board of Adjustment,* supra. But this is not a case of "economic hardship" such as where the owner seeks to use the land in a more profitable manner. This is a case wherein any productive use of the land will be denied altogether. It is a case of the existence of a substantial hardship peculiar to this particular land. See, *Nickolson v. Zoning Board of Adjustment,* 392 Pa. 278, 140 A. 2d 604 (1958) ; and, *Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959).

Nor is the argument that the owner of the land received the full value thereof as compensation in the condemnation proceedings persuasive. Even if this be the case, is the owner now to be compelled to expend for upkeep and taxes, this condemnation money received with no possible return?

Nor are we impressed with the argument that *Poster,* the lessee, leased the property with his eyes open and with complete knowledge of the zoning regulations. A lessee in applying for a variance stands in the same position as the owner and lessor : *Richman v. Zoning Board of Adjustment,* supra. In addition, the owner is a party litigant. Certainly, he cannot be charged with buying into an impossible situation.

Finally, the conclusion below that the issuance of the variance would be against the public interest is not legally justified. Aramingo Avenue is a very highly traveled three-lane highway. Directly across the street from the land involved is a large and busy coal and oil yard with a railroad siding, silo and several large outdoor advertising signs. Directly behind this is a chemical and oil plant. In the same area, there are two large outdoor advertising signs of the General Outdoor Advertising Company. Other industrial and manufacturing plants are close by. In short, the existence of the signs contemplated will not change the character

of the neighborhood.   It would not be "a commercial inroad in a predominantly residential district."

Order reversed, the record is remanded to the Board of Adjustment with directions to issue the variance.

Mr. Justice COHEN dissents.