tion Appeal Board at No. A97–1252, dated June 22, 1998, is reversed.

**In re Appeal of Rebecca S. MARTIN from the Decision of the Zoning Hearing Board of Earl Township, Lancaster County, Pennsylvania.**

**Township of Earl, Lancaster County, Pennsylvania, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Dec. 10, 1998.

David L. Williams, Lancaster, for appellant.

Matthew J. Creme, Jr., Lancaster, for appellee.

Before DOYLE, J., McGINLEY, J., and LORD, Senior Judge.

DOYLE,[1] Judge.

The Township of Earl (Township) appeals an order of the Court of Common Pleas of Lancaster County that reversed a decision of the Township Zoning Hearing Board (Board) and granted Rebecca Martin a variance from the minimum size lot requirement of the Township's Zoning Ordinance.

This case arose from the following circumstances. The subject property consists of a .07 acre parcel which was orphaned in 1907 when it was severed from its parent tract[2] by the construction of New Holland Road. In 1980, Earl Township adopted its first zoning ordinance, and the entire area was placed in a RU–Rural zoning district. The owner of the subject property, Rebecca S. Martin, purchased the property in 1995, in its present condition and size, when she took title by a deed which described the property by meets and bounds and recited that the parcel contained "3,031 square feet to centerline of road," and "1,188 square feet to right-of-way line of road."

After she purchased the property, Martin went before the Lancaster County Planning Commission (LCPC) for approval to "add-on"

---

1. This case was assigned to the author of the opinion on March 31, 1998.

2. We were unable to definitively find from a search of the record how large the parent tract had been, but we believe that it was probably 23 acres or more in size. *See* Reproduced Record (R.R.) at 60a.

to the subject property an adjoining 11–acre tract of land that she wanted to purchase, which is located on the same side of New Holland Road as the subject property. All of the subject property's parent tract is on the opposite side of New Holland Road. The LCPC essentially decided that Martin's add-on proposal would be inappropriate unless she first secured a variance from the Township's Zoning Hearing Board as to the lot size requirements of the Ordinance; specifically, the LCPC opined that the property was not a "lot" under the Ordinance because it did not meet any of the minimum lot size requirements. The LCPC said it considered the lot to have been created *after* the Ordinance took effect and therefore rejected the notion that when Martin purchased it, it was already a preexisting nonconforming lot even though it was not contiguous to any other part of the parent tract since 1907.

Martin subsequently applied to the Board for a variance from the minimum lot size requirement so that she could combine her lot with the adjacent 11–acre tract. The Board denied her request, holding that the property was not a "lot" because of its size; that the property was still part of the larger tract until 1995 when it was deeded to Martin and violated the Ordinance because of the property's substandard size; that any resulting hardship or nonconformity was self-inflicted, and, thus, Martin did not prove an element necessary to secure a variance; and finally, that Martin had not presented any other testimony to support the grant of a variance.

On Martin's appeal, the trial court reversed the Board's decision without taking additional evidence. The court considered it undisputed that, absent a variance, the "orphan" property would likely "continue to languish without usefulness." *In Re: Appeal of Martin* (No. 891 of 1996, filed May 13, 1997), slip op. at 2. (R.R. at 70a.) The court reasoned that it would be inequitable to "perpetuate an anachronism" and invoked the doctrine of *de minimis non curat lex. Id.* at 3. (R.R. at 71a.)[3]

■ This case presents this Court with a unique issue of first impression:[4] Does the construction of a roadway which bisects a tract of land, leaving an undersized lot, act as a subdivision of the property for zoning purposes.

Martin's position essentially depends on the notion that the nonconformity and/or hardship existing as to the property was not self-inflicted because the hardship, a lot less than one acre in size, arose before the Ordinance was enacted in 1980, with the creation of New Holland Road in 1907. We agree and affirm the Common Pleas Court.

Although not intending to put the property to any declared use, Martin applied to the Board for a "technical variance" from Section 703 of the Township's zoning ordinance requiring minimum lot sizes, which pertinently provides:

> §703(1)(c): The minimum lot area for each single family detached dwelling, and any other principal use or building is one (1) acre.[5]
>
> . . . .
>
> §703(1)(e): The minimum lot area for other permitted uses shall be three (3) acres.

(Zoning Ordinance of the Township of Earl; R.R. at 76a.)

As there was no intended use declared by Martin in her application for a variance, which specific subsection of Section 703 would be applicable to her application for a variance is problematic; however, it is apparent that *any* use of this property would violate the requirements of the zoning ordinance regarding lot size.[6]

*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

---

**3.** The court, in fashioning an equitable solution, also considered the Township's concerns and, while granting Martin's variance, ordered that there be no future subdivision.

**4.** Our standard of review in this case is limited to determining whether the Board committed a manifest abuse of discretion or an error of law.

**5.** Section 703(1)(c) as it presently exists was added by an amendment to the zoning ordinance adopted on August 5, 1991.

**6.** The reason for the variance was explained by Martin on the Township's application form by

Therefore, Martin's application was in reality a request for a variance for a pre-existing nonconforming undersized "lot," which existed prior to the adoption of the Township's Zoning Ordinance in 1980, by the severance of the property from its much larger parent tract in 1907 by the construction of New Holland Road.

In a technical sense, the property was not legally created, and hence separated from the parent tract, until 1995, when the deed conveying the property described the lot by a legal description of the property. However, the property has been in its present physical shape and constricted configuration since 1907 when New Holland Road was built, and has existed in fact as a separate "lot" since then, albeit devoid of all practical use by the owner of the larger parent tract because of its separation by New Holland Road.

By reference to Section 703(1)(c) of the Township's zoning ordinance, the smallest permissible size of any lot is one-acre if the owner is going to construct on it a single family detached dwelling, or "other permitted" uses (e.g., farm buildings or agricultural use, etc.). But, of course, the 1,188 square feet of usable land in this "lot" is far smaller than the one-acre minimum requirement under Section 703(1)(c) unless the property was coupled with the ground of its noncontiguous

larger parent across New Holland Road. Under §703(1)(e) of the ordinance, which requires a minimum lot size of three acres, any use of the lot would be in even greater violation of the zoning ordinance, unless again, it was joined for such purposes with land taken from its larger parent across New Holland Road. Simply, from a common sense observation of land use, it is hard to imagine that anyone would want to build a home on the parent tract with a front yard located across New Holland Road, which is about 19 feet wide,[7] or worse, build on the small lot and use land on the other side of New Holland Road (the parent tract) to meet the one acre requirement (e.g. to build a detached garage, swimming pool, etc.). Furthermore, because of the property's unique physical characteristics, we observe that the construction of a residential dwelling, if limited to this lot alone, would need several variances,[8] in addition to the lot size requirement.

Although we have been unable to unearth any case authority directly on point where the construction of a public road has resulted in a de facto subdivision of land, thereby creating an undersized lot for zoning purposes, there is authority, which by analogous extension, would dictate this result; that is, where the physical severance of a parcel of land by the exercise of governmental authority thereby creates an undersized lot, the

reference to an "attached narrative" which was a letter to the Board from Martin explaining:

The purpose of this variance is to meet the technical requirements of the Lancaster County Sub-division Ordinance.

. . . .

... It is the opinion of the Lancaster County Planning Commission staff that, because this lot of 3,031 square feet is sub-standard in size pursuant to the terms of the Earl Township Ordinance, it is not a lot to which it is possible to add on land.

Lancaster County Planning Commission staff has expressed its opinion that, should the Earl Township Zoning Hearing Board grant a variance from the lot size and dimensional requirement of the Ordinance for this lot, it would therefore meet the Lancaster County Sub-division Ordinance definition of a lot, and be capable of having other lands added onto it.

(R.R. at 3a.)

7. The right-of-way for New Holland Road is 33 feet wide, but the actual cartway is approximately 19 feet from a measurement to scale on the survey plan marked as Martin's Exhibit 2.

8. It is readily apparent that before **any** use could be made of this property, or **any** building could be erected, several dimensional variances would be necessary, not the least of which would be a variance from: (a) the minimum depth of lot (150 ft., §703.3); (b) the minimum rear yard (50 ft., §703.6); and (c) the minimum setback from the centerline of New Holland Road (65 ft., §703.4). The **entire lot** is wholly within 65 ft. from the centerline of New Holland Road thus prohibiting any use whatsoever of the property, *Greene Townes Financial Corp. v. Zoning Hearing Board,* 157 Pa.Cmwlth. 454, 630 A.2d 492 (1993), and, because it is a well-settled principle of zoning law that the total prohibition of all uses of a particular parcel of land created by the property's unique physical characteristics would entitle the owner to variances as a matter of right, whether the subject property in this appeal is a pre-existing nonconforming lot or not seems to be superfluous; any permitted use would be impossible, and thus a variance is a matter of right.

owner is entitled to the grant of a variance. *Poster Advertising Co. v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A.2d 521 (1962).

In *Poster Advertising,* where two-thirds of a lot in an R–1 residential area had been condemned by the City of Philadelphia for the construction of Aramingo Avenue, the Supreme Court reversed the Common Pleas Court and the City's Zoning Board of Adjustment and granted the application for a variance to erect two outdoor advertising signs, a use not permitted in the R–1 residential district. The Court held that, due to the factual circumstances presented, that is, because of the condemnation, the size and dimension of the property would permit "a very limited number of **productive** uses, the most likely and practical being that contemplated." *Poster Advertising,* 408 Pa. at 251, 182 A.2d at 524 (emphasis added). Although it is true that in *Poster Advertising* there was only one lot to begin with prior to the condemnation, the case recognizes that a condemnation, without any further deed confirmation, may be responsible for the creation of an undersized lot entitling its owner to a variance. And, if the "lot" in this appeal was created in 1907 when it was "orphaned" from its parent tract prior to the adoption of the zoning ordinance in 1980, it would be a pre-existing nonconforming lot and entitled to the protection of the well-established "small lot" [9] principle where a dimensional variance is a matter of right. *Rudd v. Lower Gwynedd Township Zoning Hearing Board,* 133 Pa.Cmwlth. 652, 578 A.2d 59 (1990); *Jacquelin v. Horsham Township,* 10 Pa.Cmwlth. 473, 312 A.2d 124 (1973).

The legal principles we should apply in this appeal are somewhat clouded by the fact that Martin has requested a variance from a restrictive zoning provision which varies depending on the use to which the property is put, without indicating to the Board what use she intends for the property. Moreover, she

has declared that she does not intend any use for the property other than to add the property to the other property which she intends to purchase in the future (on "its" side of the road). Frankly, under such circumstances, we question why she needs a variance from the Township at all. Because her purpose in requesting a variance from the Township was only to satisfy the LCPC's insistence that she obtain the same "to meet the technical requirements of the LCPC's Sub-division Ordinance," we wonder why a variance from the County's subdivision ordinance was not sought, rather than from the Township's Ordinance. We observe that the definition of the term "lot" in Article IV of the County's subdivision ordinance is as follows:

> *Lot.* A designated parcel, tract, or area of land established by plat or otherwise permitted by law and to be used, developed, or built upon as a unit.

(R.R. at 79a.)

Furthermore, the County itself recognizes that a subdivision of property by the condemnation for a road or street will qualify the severed piece of property as an exception to the County's subdivision ordinance. Although it is clear that Martin applied to the Township for a variance from the Township's zoning ordinance at the insistence of the LCPC, it is not clear why this was necessary under the County's subdivision ordinance.[10] Mr. David Blackman, a Senior Planner with the LCPC, testified at the Board's hearing on December 14, 1995, as follows:

> Now, under [LCPC's] definition of what a subdivision is [it] is basically the division of any piece of land. **I don't care if it's by a stream, by a road, or by filing a subdivision plan.** Any way you deed a piece of property is a subdivision.

> With that definition in mind we make some exceptions. We still call it a subdivi-

---

9. The "small lot" principle refers to the situation in which a use variance must be granted to a property owner where a subsequent zoning ordinance permits only uses for which the land is totally unsuited.

10. David Blackman, a senior planner with the LCPC, wrote to Charles Martin on October 11, 1995, stating: "The LCPC does not recognize the

3,000 square foot parcel as a lot. Until the minimum zoning requirements change or zoning hearing board action is taken a lot add on plan cannot be filed." (R.R. at 4a.) No explanation was provided as to why it was necessary to qualify the property as a "lot" under the township's zoning ordinance, rather than as a "lot" under the County's subdivision ordinance.

sion, but those are exceptions of the lease of agricultural lands **or a road which has subdivided that property like in this case.** What the County says is, yes, it is a subdivision, but if a road divides your property, then you can put together a deed description for both pieces with two provisos.

One is that the parcel that you are going to transfer meets the zoning for the municipality. In other words, it has to meet the minimum lot size, minimum setbacks, all that kind of stuff.[11]

(R.R. at 44a.) (Emphasis added.)

Thus, it is clear that the LCPC would recognize that the construction of New Holland Road in 1907 did, in fact, effectuate a subdivision which thereby created the subject property as a separate parcel of land. Consequently, it is somewhat illogical that the LCPC will not approve an "add-on plan" which would merge the subject property with another parcel on the same side of the road on the basis that *the Township* will not recognize the existence of that same subdivision for zoning purposes or the pre-existing nonconforming use of the subject property, which is a consequence thereof. If Martin never intends to build anything on the lot without adding to it land from the other contiguous parcel she intends to purchase, the denial of LCPC's rejection seems even more illogical.

In summary, we affirm the judgment of Common Pleas and the following reasoning of Judge Michael J. Perezous:

In light of these facts and circumstances, with due regard for the need to balance law and equity, as well as to give use to an orphan property rather than perpetuate an anachronism, we grant the appeal and order the variance to issue.

(Opinion of the Trial Court at 3; R.R. at 71a.)

Order affirmed.

### ORDER

NOW, December 10, 1998, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

LORD, Senior Judge, dissents.

---

11. The second proviso is that the parcel be described along the center line of the road which divided the property, a provision which is not an impediment in this case.